Yakup Sari, Esq. (SBN:336030)
**SARI LAW FIRM**
540 N Golden Cir. Dr. #303
Santa Ana, CA 92705
E-mail: info@sarilaw.us
Phone No.: 949.426.5071

Attorney for Plaintiff Art Records, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART RECORDS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE LLC; GOOGLE LLC; DOES 1-10 et.al.<br>Defendants; | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VICARIOUS COPYRIGHT INFRINGEMENT<br>4. VIOLATIONS OF DMCA 17 U.S.C. § 1202<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Art Records, LLC by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## I. Jurisdiction & Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a).

## II. Parties

4.   Plaintiff Art Records, LLC ("Art Records") are a limited liability company registered in Delaware and operating in California. Art Records has suffered damages from each Defendant's conduct in this district.

5.   At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Youtube LLC. ("Youtube") is a Delaware Limited Liability Company which has the principal place of business located at 901 CHERRY AVE SAN BRUNO, CA 94066 which conducts business in and with the state of California and this judicial district, including but not limited to soliciting business and/or contracting to supply good or services in California.

6.   At all timed mentioned herein, Plaintiff is informed and believes and thereon alleges that Google LLC. ("Google") is a Delaware Limited Liability Company which has the principal place of business located at 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 which conducts business in and with the state of California and this judicial district, including but not limited to soliciting business and/or contracting to supply good or services in California. Hereinafter Youtube LLC and Google LLC will be called "Platform Defendants".

7.   Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## II. Factual Background

9. Plaintiff, Art Records, is a record label and publisher that administers the rights of over some Turkish artists and a library of over 1,500 songs. Specifically, Art Record owns Muazzez Ersoy`s, who is a Turkish Singer, music videos since August 27, 2019. **(See, Exhibit A)**

10. Art Records is the sole owner of the exclusive digital rights, artistic performance rights, and financial interests in a Muazzez Ersoy`s music videos which have been unlawfully reproduced by Defendants ("Music Videos").

11. The Music Videos have been widely published and disseminated to the public through releases as music videos in numerous media in Turkey and internationally including Youtube.

12. At issue in this litigation is the unlawful reproduction and display of the Music Videos. Attached hereto as **Exhibit B** is a list of the music videos at issue with the corresponding URL for where the song appears on each. To date, most of the identified Music Videos remain unlawfully on the Platform Defendants' websites.

13. The Music Videos are registered with the U.S. Copyright Office and/or were first published abroad, exempting Art Records from the registration requirements set out in 17 U.S.C. Section 411(a) for said songs. Attached hereto as **Exhibit C** is a the registrations of Music Videos.

14. Art Records has not in any way authorized Defendants, or any of them, to copy, reproduce, and duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Music Videos. The Defendants did not contract with Art Records and obtain any licenses to use the Music Videos before the exploitation at issue.

15. Platform Defendants are a successful online music and streaming and sharing website. They generates billions of dollars in revenue annually, and have had an unprecedent social impact by influencing popular culture and Internet trends, among other things. However, Platform Defendants' users frequently share and upload content they do not own, and rights holders are left without any means of meaningfully policing the rampant sharing of their works. This case concerns a small part of the widespread infringement of copyrights on Platform Defendants' platform, namely, the infringement of Art Record's copyrights in the Music Videos.

16. Platform Defendants instruct copyright holders who believe that content on the Platform Defendants' platforms infringes in their copyright(s) in their protected work(s) to contact the Platform Defendants to submit a claim of copyright infringement. Platform Defendants ask copyright holders to provide information identifying the work(s) being infringed, the copyright holder's contact information, and other information sufficient to constitute an effective Takedown Notice under the DMCA 17 U.S.C. § 512 ("Takedown Notices"). The Platform Defendants have the right and ability to remove and/or disable access to songs on their platforms.

17. Art Records has sent Takedown Notices to each of the Platform Defendants as to each of the Music Videos, in accordance with the Platform's stated procedures and the DMCA. Attached hereto as **Exhibit D**, communications between Etem Kantarcioglu and Youtube LLC`s authorized officer evaluating takedown notices.

18. At issue in this litigation is the unlawful reproduction and display of Muazzez Ersoy`s music videos. Attached hereto as **Exhibit B** is a list of the Music Videos with the corresponding URLs on Platform Defendants. The Music Videos

were displayed, distributed, publicly performed, and/or otherwise used; as well as when Art Records sent a takedown notice to Platform Defendants under the Digital Millennium Copyright Act ("DMCA") for the removal of the Music Videos from Platform Defendants`s platform. To date, Platform Defendants has not removed most (if not all) of the identified Music Videos from their respective platforms.

19. Upon information and belief, Art Records alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Music Videos for commercial benefit by, without limitation, reproducing the Music Videos in audio-visual displays and content which were released on the Platform Defendants' websites. Defendants' unauthorized exploitation of the Music Videos are depicted in **Exhibit B** attached hereto ("Infringing Content") listing the URL where the infringing unlawful display of the Infringing Content can be found and the Music Videos can be heard in their entirety. These listed non-inclusive exemplars of the Infringing Content, which encompasses all uses, in whole or in part, of the Music Videos by Defendants, and each of them.

20. Upon information and belief, copies of the entirety of the sound recordings and the musical compositions embodied in those sound recordings, of the Music Videos are reproduced in the Infringing Content.

21. Upon information and belief it is alleged that Defendants, and each of them, distributed, displayed, broadcast, and/or streamed the Infringing Content on Platform Defendants' platforms and distributed it to media outlets with the intent that they further distribute, display, broadcast and stream the Infringing Content.

22. The Music Videos have been unfairly used by the Defendants, and each of them, who have unlawfully allowed downloading, streaming, and broadcasting of the Music Videos and Infringing Content on the internet and have unfairly earned income and profits from this unlawful exploitation.

23. Since 2011, some artists have filed lawsuits in Turkey against some of the Defendants to end the unfair use, and these lawsuits have resulted in favor of the artists and Art Records. Despite these results in Turkish court, Defendants continue to exploit the songs on digital platforms, recklessly ignoring judicial decisions.

24. In this case, the Platform Defendants encouraged the other named defendants to upload and claim ownership in the Music Videos. Despite, being put on notice of this infringement through DMCA takedown notices, the majority of the Infringing Content remains up for the public to view.

25. To date, the Platform Defendants have not removed the majority Infringing Content from their websites and they remain viewable to the public, despite being put on notice of the infringement.

## First Claim for Relief

*(For Copyright Infringement—Against all Defendants, and Each)*

26. Art Records repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

27. Art Records is the sole owner of the digital rights, artistic performance rights and financial interests in the Music Videos.

28. The Music Videos are registered with the U.S. Copyright Office and/or exempt from registration.

29. The Music Videos are original compositions and recordings.

30. Defendants had access to the Music Videos because the Music Videos were widely distributed throughout the world. Access is further evidenced by the Subject Song's reproduction and distribution through the Platform Defendants' websites, where Defendants are listed as the contributors of the Music Videos.

31. In addition, Defendants' "sampling" (direct extraction and reproduction of the Music Videos) establishes access by way of striking similarity, if not virtual identity.

32. The Defendants, and each of them, infringed Art Records' rights in the Music Videos by sampling the recording of the Music Videos and reproducing them in the Infringing Content without Art Records' authorization or consent.

33. Alternatively, the Defendants, and each of them, infringed Art Records' rights by making a direct copy of the composition of the Music Videos and using that copy in the Infringing Content without Art Records' authorization or consent.

34. Art Records is informed and believes and thereon alleges that the Defendants have infringed Plaintiffs' rights in the Music Videos by, without limitation, exploiting them for profit by licensing, or otherwise authorizing third parties to use, reproduce and/or perform the Music Videos for profit, specifically on Platform Defendants' websites.

35. Art Records is informed and believes and thereon alleges that the Defendants have infringed Art Records' rights in the Music Videos by copying the composition in the Music Videos and/or sampling the recording of the Music Videos in the Infringing Content without Art Records' authorization.

36. Upon information and belief the Defendants have infringed Art Records' rights in the Music Videos by, without limitation, (a) authorizing the reproduction, and distribution of the Music Videos, through the execution of licenses, and/or actually reproducing digital or electronic copies of Music Videos through various online sources and applications, including without limitation, through the Platform Defendants'; (b) streaming and/or authorizing the streaming and/or public performance of the Music Videos, without limitation, on the Platform Defendants' websites; and (c) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Music Videos in and as part of the Infringing Content, performed in a variety of ways including, but not limited to, audio and video.

37. The Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance,

licensing, display, and creation of one or more of the Infringing Content. The foregoing acts infringe Art Records' rights under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting the Infringing Content on the Platform Defendants's website.

38. Due to the Defendants', and each of their, acts of infringement, Art Records' have suffered actual, general and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the sample.

39. Due to the Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Art Records' rights in Art Records' copyrighted sound recordings and compositions. As such, Art Records is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the sound recordings in an amount to be established at trial.

40. Art Records is informed and believes and now alleges that the Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting the Upload Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Second Claim for Relief

*(For Vicarious and/or Contributory Copyright Infringement—Against all Defendants, and Each)*

41. Art Records repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint. The Platform Defendants has the right and ability to supervise its platform and the content posted thereon, including removing copyright-infringing content. The Platform Defendants also has the right and ability

to oversee the uses of the Infringing Content on their platform. Accordingly, the Platform Defendants is in the best position to remove and prevent copyright-infringing content from their respective platforms.

42. The Platform Defendants had actual knowledge, and/or has been aware of the facts or circumstances, of the Infringing Content (i.e., specific infringing material on its platform) for each of the Infringing Content on the date Art Records sent their Takedown Notices. The information provided in the Takedown Notices that the Platform Defendants received contained the types of information called for under the Platform Defendants's respective Terms of Service and the DMCA. Moreover, those Takedown Notices presented and formatted that information based on the relationship between the means for finding the Infringing Content (i.e., URLs) and the Infringing Content themselves.

43. The Platform Defendants has the tools, resources, staff, technological capabilities, and knowledge of/about music on its platform and servers (including the Infringing Content) to locate and remove the Infringing Content, and thereby prevent further infringement of Art Record's copyrights in the Music Videos. Indeed, doing so requires only simple measures from the Platform Defendants. Yet the Platform Defendants has failed to remove, or disable access to, the majority of the Infringing Content. Instead, despite their actual knowledge and awareness of the Infringing Content, the Platform Defendants continues to materially contribute to, and/or induce, further use of the Infringing Content by (1) failing to act; and (2), *inter alia* and upon information and belief, continuing to provide access to the Infringing Content by allowing users to (a) select the Infringing Content for upload, download, transmission, and/or distribution, as well as initiate and instigate the display of the Infringing Content on the Platform Defendants' websites; and (b) store, cache, and/or distribute multiple copies of the Infringing Content on the Platform Defendants's servers and platforms.

44. And, upon information and belief, the Platform Defendants has failed to adequately enforce any repeat infringer policy with respect to the Infringing

Content and the users who posted them, as evidenced by, *inter alia*, their continued display and distribution of the Infringing Content with no evident action taken against the users who posted them.

45. The combination of the Platform Defendants's knowledge and awareness of the Infringing Content (in addition to knowing full well the extent of copyright infringement that occurs on its platform), its failure to remove or disable access to the Infringing Content (or take any meaningful measure(s) to stem the spread of copyright-infringing content) after obtaining that knowledge and awareness, and its failure to adequately enforce its repeat infringer policy, removes any potential safe harbor protection afforded to the Platform Defendants under the DMCA, 17 U.S.C. § 512.

46. Due to the Platform Defendants' acts of contributory copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

47. Due to the Platform Defendants's acts of contributory copyright infringement, they have each obtained profits they would not have realized but for their contributory infringement of the Music Videos. As such, Plaintiff is entitled to disgorgement of the Platform Defendants's profits attributable to their contributory infringement of the Music Videos in an amount to be established at trial.

48. Upon information and belief, Plaintiff alleges that the Platform Defendants has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard for, Plaintiff's copyrights in the Music Videos, which renders those acts willful, intentional, and malicious.

49. Art Records is informed and believes and now alleges that all Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of the Infringing Content as alleged above. Specifically, the Defendants facilitated, and participated in the Defendants' respective illegal copying during the creation of the Infringing Content and realized profits through their respective distribution, and publication of the Infringing Content and vice versa. Upon information and belief, the Upload

Defendants likewise knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Music Videos as alleged hereinabove.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Art Records's rights in the Music Videos. As such, Art Records is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Music Videos, in an amount to be established at trial.

### Third Claim for Relief

*(Vicarious Copyright Infringement—Against all Defendants)*

51. Art Records is informed and believes and now alleges that the Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the publication and distribution of one or more of the Infringing Content. And, the Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Infringing Content.

52. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Art Records has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

53. Due to the Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Art Records' rights.

As such, Art Records is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Art Records' rights in their copyrighted sound recordings in an amount to be established at trial.

54. Art Records is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Fourth Claim For Relief

(For Violations of the 17 U.S.C. §1202 – Against all Defendants)

55. Art Records repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

56. The Infringing Content was routinely published with attribution, credit, and other copyright management information identifying Art Records as the owner and rights holder.

57. Art Records alleges on information and belief that the Defendants, and each of them, removed Art Records's copyright management information, as described above, from the Music Videos, and/or added false copyright management information to the Music Videos.

58. Art Records alleges on information and belief that the Defendants, and each of them, distributed and published the Music Videos via websites bearing the URL(s) depicted in **Exhibit A** hereto, under its own name, and removing Art Records's attribution information, including without limitation his name and/or metadata.

59. The aforementioned facts constitute "copyright management information"as that phrase is defined in 17 U.S.C. §1202(c) and is false.

60. When the Defendants distributed and published the Music Videos, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Art Records has been

damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

### Prayer for Relief

*(Against All Defendants)*

With respect to each claim for relief, Plaintiff prays to the court for judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted sound recordings and musical compositions;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in the compositions and to Plaintiff's copyrighted sound recordings;

c. For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with both recordings of the Infringing Content, and all revenues resulting from the exploitation of same, for the benefit of Plaintiff;

d. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

f. That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. §§ 504, 505 or other statutory or common law;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                                                         Respectfully submitted,

Dated: June 10, 2025                        By: */s/ Yakup Sari*
                                                                                         Yakup Sari, Esq.
                                                                                         SARI LAW FIRM
                                                                                         Attorneys for Plaintiff