UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART RECORDS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUTUBE LLC.,<br><br>    Defendant. | Case No. 25-cv-05069-NW<br><br>**ORDER GRANTING DEFENDANT YOUTUBE'S MOTION TO DISMISS**<br><br>Re: ECF No. 17 |

Before the Court is Defendant YouTube LLC's motion to dismiss or, alternatively, transfer Plaintiff Art Records, LLC's first amended complaint ("FAC"). Mot., ECF No. 17. For the reasons stated below, the Court GRANTS YouTube's motion to dismiss with leave to amend.

## I.  BACKGROUND[1]

Plaintiff Art Records is a record label and publisher that administers the ownership rights of many Turkish artists. On August 27, 2019, Plaintiff gained ownership of the rights to the works of Muazzez Ersoy, a Turkish singer. In February and March 2021, a non-party uploaded eleven of Ersoy's music videos to YouTube. Approximately three years later in February and March 2024, Plaintiff demanded that YouTube takedown the videos by submitting an omnibus takedown request through its YouTube account.[2] YouTube reviewed the request and asked Plaintiff to

---

[1] Unless otherwise noted, all facts are taken from the FAC and its exhibits, ECF No. 14.

[2] Plaintiff provided a copy of its original takedown request and subsequent email correspondence with YouTube as Exhibit D to the FAC. Nearly all the text and communications within, however, are in Turkish, and Plaintiff did not provide a translation. Further, even the correspondence that is in English is often so pixelated that it is almost entirely illegible. Defendant has submitted certified English translations of the legible portions of Exhibit D, *see* Ex. I, Lauter Decl., ECF No. 17-10, and Plaintiff has not contested the accuracy of these translations. Where necessary and noted the Court has reviewed the English translation.

provide documentation to demonstrate that it owned the rights to Ersoy's music videos. Specifically, YouTube explained that it had "discovered that some of the information in [the] removal request may be false" and notified Plaintiff that its YouTube account could be terminated for misusing the takedown process. Plaintiff responded (in Turkish and English): "These works belong to us with a written contract. There is a transfer agreement between us and the artist. There is a confidently rule in the contact. However, we can provide you with this document ***upon the request of the court***." Ex. D, FAC (emphasis added). Sometime thereafter, YouTube closed Plaintiff's account for failing to prove ownership of the relevant videos and refusing to provide the requested evidence to demonstrate ownership. There are no allegations that YouTube itself uploaded the videos or that YouTube was aware of the specific copywritten videos before Plaintiff brought them to YouTube's attention in 2024.

A full year later, on June 13, 2025, Plaintiff sued YouTube alleging that it infringed Plaintiff's copyrights by hosting the music videos. Specifically, Plaintiff alleges that YouTube is liable for direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement.

Plaintiff previously filed a separate action on July 26, 2022, in the Central District of California against numerous defendants including Google LLC (YouTube's parent company) alleging substantially similar copyright infringement claims, though many of the infringement claims were voluntarily dismissed. *See Art Records, LLC v. YouTube*, *LLC*, No. 2:22-cv-05179-DSF-KS (C.D. Cal. July 26, 2022). That case is ongoing and is currently stayed pending the outcome of a foreign litigation.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.

1  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual
2  allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009),
3  and are therefore insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera*
4  *Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

5  Under Federal Rule of Civil Procedure 15(a), the Court should freely grant leave to amend
6  "when justice so requires," keeping in mind Rule 15's underlying purpose "to facilitate decision
7  on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127
8  (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  When dismissing a
9  complaint for failure to state a claim, "a district court should grant leave to amend even if no
10 request to amend the pleading was made, unless it determines that the pleading could not possibly
11 be cured by the allegation of other facts." *Id.* at 1127 (internal quotation marks omitted).

12 **III.    DISCUSSION**

13 The Ninth Circuit "recognize[s] three doctrines of copyright liability: [1] direct copyright
14 infringement, [2] contributory copyright infringement, and [3] vicarious copyright infringement."
15 *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).  Plaintiff alleges all three types of
16 copyright infringement against YouTube.

17 **Direct Copyright Infringement.**  A prima facie case of direct copyright infringement
18 requires a plaintiff to demonstrate (1) ownership of the allegedly infringed material and (2) that
19 the alleged infringer copied the infringed material in violation of the exclusive right granted to the
20 plaintiff under 17 U.S.C. § 106.  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir.
21 2017).  Direct infringement requires the plaintiff to also show causation, or "volitional conduct,"
22 by the alleged infringer.  *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019).  When,
23 as here, the defendant operates an online website, volitional conduct may be established through
24 "evidence showing [the alleged infringer] exercised control (other than by general operation of [its
25 website]); selected any material for upload, download, transmission, or storage; or instigated any
26 copying, storage, or distribution" of copyrighted works.  *Id*. (internal quotation omitted).  The key
27 concept is that "direct copyright liability for website owners arises when they are actively involved

3

1   in the infringement," and not passive handlers of content supplied by others. *Id*. (emphasis in
2   original).

3         Plaintiff has not alleged that YouTube acted with volitional conduct. It did not allege that
4   YouTube exercised control over the videos beyond merely hosting them; that YouTube selected
5   the infringing material for upload, download, transmission, or storage; or that YouTube instigated
6   any other party to copy, store, or distribute the underlying videos. It is not enough that Plaintiff
7   alleges that YouTube received and subsequently failed to comply with Plaintiff's takedown
8   request. YouTube merely asked for Plaintiff to demonstrate proof of ownership. YouTube's
9   "reasonable response to [Defendant's] single formal inquiry . . . can hardly be characterized as
10  rising to the level of volitional conduct or turning a blind eye." *VHT, Inc. v. Zillow Grp., Inc.*, 918
11  F.3d 723, 734 (9th Cir. 2019).

12  **Contributory Infringement.** Contributory Infringement requires (1) "knowledge of
13  another's infringement" and (2) either [i] material contribution to the infringement or [ii]
14  inducement of the infringement. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir.
15  2017). "To establish 'inducement,'" Plaintiff must introduce evidence showing YouTube took
16  "affirmative steps . . . to foster infringement." *A'Lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*,
17  2012 WL 12921035, at *5 (C.D. Cal. Aug. 8, 2012), *aff'd in part sub nom. A'lor Int'l Ltd. v.
18  Tappers Fine Jewelry*, 605 F. App'x 662 (9th Cir. 2015).[3] And "[t]o establish 'material
19  contribution,'" Plaintiff must prove that YouTube "had a 'direct connection to that infringement.'"
20  *Id.*

21        Plaintiff has failed to allege inducement. "Plaintiff's contributory infringement claim is
22  premised solely on the allegation that [it] reported the copyright infringement several times
23  through [YouTube's] infringement reporting system, [YouTube] rejected [those] requests, and
24  failed to take any action against" the infringer. *Lee v. Amazon.com Inc.*, No.
25  221CV01090RAJBAT, 2023 WL 6931800, at *9 (W.D. Wash. July 27, 2023), *report and*

---

[3] Plaintiff's claim appears to be based only on a theory of inducement. *See* FAC ¶ 47 ("Defendant knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of the Infringing Content as alleged above.")

4

1  *recommendation adopted,* No. 2:21-CV-01090-RAJ, 2023 WL 6896663 (W.D. Wash. Oct. 19,
2  2023), *aff'd,* No. 23-3132, 2025 WL 1202522 (9th Cir. Apr. 25, 2025).  "[I]ntentional inducement
3  requires a showing that" YouTube distributed the content "with the object of promoting its use to
4  infringe copyright, as shown by clear expression or other affirmative steps taken to foster
5  infringement." *Id.* (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913,
6  919 (2005)); *see also, Average Joe's Ent. Grp., LLC v. SoundCloud, LTD*, 2018 WL 6582829, at
7  *6 (M.D. Tenn. Oct. 17, 2018) (granting summary judgment on inducement claim where evidence
8  showed defendant "intentionally established ways to prevent and eliminate copyright
9  infringement").  Plaintiff has identified no affirmative steps taken by YouTube to foster
10 infringement.  YouTube did not upload the "videos, and there is no evidence indicating YouTube
11 maintained the videos with the "object of promoting its use to infringe copyright." *Metro-*
12 *Goldwyn-Mayer Studios Inc.*, 545 U.S. at 919. YouTube's passive role in enabling the viewing of
13 a video that contains allegedly infringing content is not tantamount to intentional inducement.

14       **Vicarious Infringement.**  A defendant "is liable for vicarious infringement if it (1) has the
15 right and ability to control . . . users' putatively infringing activity and (2) derives a direct financial
16 benefit from their activity." *MDY Indus., L.L.C. v. Blizzard Ent., Inc.*, 629 F.3d 928, 938 (9th Cir.
17 2010).  A direct financial benefit exists where there is a causal relationship between the specific
18 infringing conduct and a financial benefit to the defendant.  *Perfect 10*, 847 F.3d at 673 (quoting
19 *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)).  Where the benefit is not direct and
20 instead "is alleged to come from the use of the defendant's goods or services *generally*, . . . courts
21 have held that plaintiffs must show that individuals sought out the defendant's goods or services
22 specifically because of the availability of infringing material." *Robinson v. Binello*, 771 F. Supp.
23 3d 1114, 1125 (N.D. Cal. 2025) (emphasis in original) (citing *Perfect 10*, 847 F.3d at 673; *Stross*
24 *v. Meta Platforms, Inc.*, No. 2:21-CV-08023, 2022 WL 1843129, at *3 (C.D. Cal. Apr. 6, 2022);
25 *Ellison*, 357 F.3d at 1078–79).

26       Plaintiff does not allege that YouTube gained a direct financial benefit from any specific
27 act of copyright infringement, *i.e.*, the upload of a copywritten music video to the platform.  And
28 though Plaintiff alleges YouTube received financial benefit from use of YouTube generally, it

fails to allege that individuals sought out YouTube specifically to view Plaintiff's content. Plaintiff alleges only that YouTube "realized profits through its respective obtainment, distribution, and publication" of Plaintiff's content. FAC ¶ 52. Conclusory statements that YouTube derived profits from alleged infringement without more cannot sustain a claim for vicarious copyright infringement.

\* \* \*

The Court is skeptical that Plaintiff can marshal the facts necessary to bring the claims alleged above in an amended complaint. Nevertheless, because it is not impossible that Plaintiff may be able to allege additional facts that might state a claim against YouTube, the Court grants Plaintiff leave to file an amended complaint. Plaintiff shall file any amended complaint within twenty-one days of the date of this Order. Failure to file an amended complaint by this date shall result in the Court dismissing this action without further notice.

### IV.   CONCLUSION

For the reasons stated above, YouTube's motion to dismiss Plaintiff's FAC is GRANTED with leave to amend.[4]

**IT IS SO ORDERED.**

Dated: January 6, 2026

Noël Wise
United States District Judge

---

[4] Because the Court grants the motion to dismiss, it does not reach the merits of Defendant's request to transfer this action.